UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **MORRIS P. ALBRITTON, ET AL** | * | **CIVIL ACTION NO. 06-0774** |
| **VERSUS** | * | **JUDGE JAMES** |
| **INTERNATIONAL MINERALS & CHEMICAL CORPORATION, ET AL** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is International Minerals & Chemical Corporation's ("IMCC") motion to dismiss pursuant to F.R.C.P. Rule 12(b)(6) (document No. 47). For reasons stated below, it is recommended that the motion be **GRANTED**.

Plaintiffs filed their original and amended petitions in state court on August 17, 2005, alleging that they were employed by IMCC at its ammonia nitrogen plant in Sterlington, Louisiana, during various periods from 1948 through 1992.[1] Plaintiffs all claim that they were exposed to noise levels during their employment with IMCC which were unreasonably loud and presented an unreasonable risk of harm. (First Amended Petition, paragraph 3). Plaintiffs allege that they suffered "a gradual decline in hearing over the course of [their] employment." (First Amended Petition, paragraph 7).

Under Fed. R. Civ. P. 12(b)(6), Dismissal is proper when a successful affirmative defense, such as the statute of limitations, appears on the face of the pleadings. *Kansa Reins. Co. v. Congressional Mortgage Corp.*, 20 F. 3d 1362, 1366 (5th Cir. 1994); *La Porte Constr. Co. v.*

---

[1] Plaintiffs' amended complaint alleges that some of the plaintiffs were employed by IMCC's co-defendants during time periods for which their claims do not appear to be prescribed on the face of the pleadings. The claims against the co-defendants are not at issue in this motion.

*Bayshore National Bank*, 805 F. 2d 1254, 1255 (5th Cir. 1986) ("a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action").

Article 3492 of the Louisiana Civil Code governs delictual actions such as the one now before the court, and sets a liberative prescription period of one year, running from the date that injury or damage is sustained. See, *Crowe v. Smith*, 848 F.Supp. 1258 (W.D. La. 1994); *Safford v. Payne-Webber, Inc.*, 730 F.Supp. 15 (E.D. La. 1990).

Under the allegations of the plaintiffs' petitions, all of their claims arose **at least** 13 years before suit was filed, and are clearly prescribed on their face.

Ordinarily, the burden of proof is on the party pleading prescription. *Lima v. Schmidt*, 595 So. 2d 624, 628 (La. 1992). Under Louisiana law, however, a plaintiff has the burden of proof in establishing facts which would have the effect of interrupting or avoiding prescription when it appears that the claims have prescribed on the face of the complaint. *Martens v. North*, 1998 WL 378137 (E.D. La. 1998); *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994).

In response, plaintiff s claim that prescription should be interrupted because they were unaware of their claims until their hearing was tested in August of 2004, arguing the legal premise of *contra non valentem*, which holds that where the cause of action is neither known or reasonably knowable by the plaintiff, even though the plaintiff's ignorance is not induced by the defendant, liberative prescription does not run. *Ducote v. Touro Infirmary* 2003-0755 (La. App. 4th Cir. 10/22/03), 860 So. 2d 125, 129.

However, the Louisiana Supreme Court has stated that "[t]he doctrine [of *contra non valentem*] itself is based on the theory that when the claimant is not aware of the facts giving rise to his or her cause of action against the particular defendant, the running of prescription is for

that reason suspended until the tort victim discovers **or should have discovered** the facts upon which his or her cause of action is based." *In re Medical Review Panel of Howard*, 573 So. 2d 472, 474 (La. 1991) (emphasis added).

In support of its motion to dismiss, IMCC provides as Exhibit "C" a copy of a ruling by Judge Parker from the Middle District of Louisiana in the case of *Alford v. International Minerals &Chemical Corporation,* bearing docket number 05-1108 of that court. That case is on all fours with the present matter on the issues now before this court, and the undersigned agrees with Judge Parker's assessment, reasoning, and conclusion therein.

Plaintiffs own petitions allege that they were aware of their hearing loss and of the unreasonably loud noise during their employment. Plaintiffs offer no explanation for their failure to seek a medical assessment for at least twelve years following the end of their employment with this defendant. Thus, the plaintiffs were aware of the underlying facts giving rise to their claims at least 13 years ago, but failed to take reasonable (or any) steps to learn of their cause of action until 2004. The principle of *contra non valentem* does not apply if the plaintiff's ignorance "is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned." *Corsey v. Dep't. of Corrections,* 375 So.2d 1319, 1322 (La. 1979) (citations omitted). The plaintiffs in this matter have provided no reasonable explanation for their failure to learn of their claims within the prescriptive period. Prescription therefore may not be interrupted on a *contra non valentem* basis.

The undersigned finds that the plaintiffs have presented no set of facts which meet their burden of proving that prescription was interrupted in this case. It is therefore recommended that plaintiffs' claims against **INTERNATIONAL MINERALS & CHEMICAL CORPORATION** be **DISMISSED WITH PREJUDICE as Untimely**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 9th day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE