UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**MORRIS P. ALBRITTON, ET AL.**     *     **DOCKET NO. 06-0774**

**VERSUS**                          *     **JUDGE JAMES**

**INTERNATIONAL MINERALS AND**      *     **MAGISTRATE JUDGE HAYES**
**CHEMICAL CORPORATION, ET AL.**

## MEMORANDUM ORDER

Before the court is Defendant, Koch Nitrogen Company's Motion to Strike Plaintiffs' Response to Interrogatory No. 6. [doc. # 100].[1] The motion is opposed.

Defendant, Koch Nitrogen Company ("Koch"), contends that the responses submitted by certain plaintiffs to Koch's Interrogatory Number Six are evasive and misleading in violation of Federal Rule of Civil Procedure 26(g).[2] Accordingly, Koch seeks to strike the responses pursuant to Federal Rule of Civil Procedure 37(d).

Koch's Interrogatory Number Six states as follows,

Please identify any and all audio/hearing testing you have ever undergone or received. Please include the following:
a.   the dates on which you under went the audio/hearing testing;
b.   the names, addresses and telephone numbers of the person(s) conducting

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] The plaintiffs at issue include: Eddie L. Beaver, Virgell Birden, Jr., James A. Brown, William C. Gibson, Mickey D. Haye, Bobby R. Lowery, Reginald S. Mike, Jackie D. Norton, Raymond Parks, Jerry Smith, David Sutton, Jessie D. Evans, Roger Eubanks, Earl J. Shirey, Kenneth W. Franklin, and Verdie L. Potter.

    the testing;
c. a description of the results of all such testing;
d. a description of the advice given to you by the person(s) conducting the testing or in connection with the test results; and
e. any medical devices used in connection with these test results.

*See e.g.*, doc. # 92, Exh. 4.

In their response to the foregoing interrogatory, plaintiffs identified only an August 20, 2004, hearing test date, thus effectively denying that they underwent any other testing.³ However, in support of its motion to strike, Koch adduced evidence that the plaintiffs at issue each underwent between four and fifteen hearing tests prior to August 2004. (Def. Exhs. 1-16).

  The signature of an attorney or party to a discovery response "constitutes a certification that to the best of the signer's knowledge, information, and belief, formed afer a reasonable inquiry" the response is complete and correct and was not interposed for any improper purpose such as to cause unnecessary delay or to increase the cost of litigation. Fed.R.Civ.P. 26(g)(1) and (g)(2)(B).

  Plaintiffs contend that they did not possess the documents adduced by Koch, and were unaware of the nature of the testing administered. However, there are no allegations or evidence that the plaintiffs at issue suffer from a cognitive impairment that would prevent them from recognizing that they had undergone prior hearing tests. Certainly, in the aftermath of their

---

³ Plaintiffs answered Interrogatory Number Six as follows
 a. August 20, 2004.
 b. MOST Healthcare Systems, Inc., 501 Preston Ave., Voorhees, NJ 08043.
 c. Moderately severe loss in hearing.
 d. Plaintiff was told to wear appropriate hearing protection when exposed to excessive noise to help protect against any future loss of hearing.
 e. Plaintiff was tested with an audiometer.

*See e.g.*, doc. # 92, Exh. 4.

August 2004 testing, plaintiffs should have been able to recognize and identify prior hearing tests. Indeed, in their opposition to the motion to dismiss, plaintiffs now seemingly acknowledge that they underwent prior hearing tests.[4] Plaintiffs' counsel has not proffered any credible explanation for his failure to include the prior audio tests in his response to interrogatory number six.[5] Any reasonable inquiry would have uncovered the prior testing. The foreseeable and actual consequence of counsel's deficient inquiry is unnecessary delay and increased litigation costs. *See e.g.*, the instant motion.

As a sanction for plaintiffs' inadequate pre-certification inquiry, Koch seeks to strike the responses pursuant to Federal Rule of Civil Procedure 37.[6] However, Rule 37(d) addresses situations where no answers to interrogatories are served at all. Likewise, Rule 37(b)(2)(C) contemplates striking pleadings, not discovery responses. In contrast, Rule 26(g)(3) directly addresses discovery certifications that violate Rule 26. *See*, Fed.R.Civ.P. 26(g)(3). This provision authorizes the court to impose an appropriate sanction, including a reasonable attorney's fee. *Id*. Under the circumstances, the court finds it appropriate to assess plaintiffs' counsel with a $ 500.00 sanction payable to Koch as a reasonable attorney fee. The plaintiffs at issue will also be directed to supplement their responses to Interrogatory Number Six.

For the foregoing reasons,

---

[4] *See*, doc. # 105, pgs, 3-4 ("numerous audiogram results did consistently show abnormalities . . .;" "the test results . . . were reasonably interpreted to mean . . .")

[5] While plaintiffs are not expected to remember the exact dates or numbers of prior hearing tests, they certainly could have recalled that prior tests had been administered, typically on a frequent basis. *See*, Def. Exhs. 1-16.

[6] Specifically, subsections (b)(2) and (d).

IT IS ORDERED that Defendant, Koch Nitrogen Company's Motion to Strike Plaintiffs' Response to Interrogatory No. 6 [doc. # 100] be, and it is hereby DENIED;

IT IS FURTHER ORDERED that plaintiffs are assessed the sum of $ 500.00 to be remitted to defendant, Koch Nitrogen Company, as a reasonable attorney fee; and

IT IS FURTHER ORDERED that within 15 days from the date of this order, plaintiffs shall supplement their responses to Interrogatory Number Six to identify **all** work-related and private hearing tests undergone by each plaintiff at issue, the names of the administering health care providers or physicians, the dates of the testing, and any other information solicited by Interrogatory Number Six.

THUS DONE AND SIGNED at Monroe, Louisiana, this 2nd day of July, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE