UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| MORRIS P. ALLBRITTON, ET AL. | * | DOCKET NO.  06-0774 |
| VERSUS | * | JUDGE JAMES |
| INTERNATIONAL MINERALS & CHEMICAL CORPORATION, ET AL. | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge are a 12(b)(6) Motion to Dismiss [doc. # 87] and a Motion for Summary Judgment [doc. # 88] filed by defendant, Angus Chemical Company. The motions have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(B).  For reasons stated below, it is recommended that the motion to dismiss be **GRANTED**[1] and that the motion for summary judgment be **DENIED**.

## Background

On August 15, 2005, thirteen former employees of International Minerals & Chemical Corporation ("IMCC") fax-filed the above-captioned suit against IMCC in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.  Plaintiffs allege that they were employed by IMCC at its nitrogen ammonia plant in Sterlington, Louisiana during various periods from 1948 through 1992.  The petition further alleges that while employed by IMCC plaintiffs were exposed to "occupational hazardous noise levels" which were unreasonably loud. (Petition, ¶ 3).  As a result of the noise exposure, plaintiffs contend that they suffered varying degrees of hearing impairment.  *Id*. at ¶ 4.

---

[1] This motion was converted into a motion for summary judgment.  *See*, discussion, *infra*.

Two days after fax-filing their original complaint, plaintiffs amended their petition to join an additional 32 plaintiffs and two defendants, Angus Chemical Company ("Angus") and Koch Nitrogen Company ("Koch").  (1st Amend. Pet.).  The amended petition alleges that in 1991, Angus assumed ownership and control of IMCC's chemical plant in Sterlington, Louisiana.  *Id*. at ¶¶ 2a and 3a.  In 1992, Koch assumed ownership and control of IMCC's ammonia nitrogen plant in Sterlington.  *Id*. at ¶¶ 2b and 3a.  Thirteen of the new plaintiffs sought recovery against IMCC and Angus for occupational hearing loss that each sustained during their varying dates of service that extended from 1946 through 2005.  *Id*. at ¶ 3, Exh. B.  The remaining nineteen new plaintiffs alleged a cause of action against IMCC and Koch for hearing loss that each sustained during their individual tours of duty that extended from 1954 through 2005.  *Id*. at ¶ 3, Exh. C.

On September 21, 2005, defendants removed the case to the United States District Court for the Middle District of Louisiana on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal).  On May 1, 2006, the case was transferred to this court.  (*See*, May 1, 2006, Order).  Three months later, IMCC filed a motion to dismiss that eventually culminated in a February 8, 2007, judgment dismissing plaintiffs' claims against it.  *See*, February 8, 2007, Ruling and Judgment.[2]  Three more plaintiffs were dismissed from the suit for failing to comply with a discovery order.  (*See*, May 22, 2007, Judgment).

On May 24, 2007, Angus filed the instant motion to dismiss for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6).  The motion seeks to dismiss ten of the thirteen remaining plaintiffs with claims against Angus. [doc. # 87].[3]  Angus contemporaneously

---

[2]  The thirteen original plaintiffs sued only IMCC; thus the February 8, 2007, judgment effectively dismissed them from the suit.

[3]  The motion addresses the claims of Freddie E. Bynum, Henry E. Bynum, I. L. Davis, Sr., C. W. Henderson, John E. Maxey, George N. Miller, Jr., Charles E. Pace, Otha Smith, David

filed a motion for summary judgment, Fed.R.Civ.P. 56, that seeks to dismiss the claims of two

other plaintiffs, Roy E. Jones and Robert Rainer. [doc. # 88].[4]   Following a responsive brief that

incorporated evidence outside of the pleadings, the court notified the parties that the motion to

dismiss would be treated as a motion for summary judgment.  Fed.R.Civ.P. 12(b); June 27, 2007,

Order.  The parties were afforded additional time to submit any additional briefs and/or

competent summary judgment evidence.  *Id*.  Briefing is now complete, and the matter is before

the court.

### Summary Judgment Principles

Summary judgment is appropriate when the evidence before the Court shows that no

genuine issue as to any material fact exists and that the moving party is entitled to judgment as a

matter of law.  F.R.C.P. Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  An

issue is "genuine" under this standard if the non-moving party has presented sufficient evidence

such that a reasonable jury could return a verdict in his favor.  *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986).

The moving party bears the initial burden in summary judgment and must demonstrate

through portions of the pleadings, depositions, answers to interrogatories, admissions and/or

affidavits that no genuine issue of material fact exists.  *Celotex Corp.*, 477 U.S. at 323.  Once the

moving party has successfully demonstrated the absence of a genuine issue of material fact, the

burden shifts to the non-moving party to show the opposite.  *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In doing so, the non-moving party may not

merely rely on the allegations and conclusions contained within the pleadings; rather, the movant

---

L. Spence, and Charles Wilhite.

[4]  Angus has not sought dismissal of Randy Hale's remaining claim.

"must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### Analysis

Angus seeks dismissal of plaintiffs' claims on the basis of prescription.  Louisiana Civil Code Article 3492 governs delictual actions such as the one now before the court, and sets a liberative prescription period of one year, running from the date that injury or damage is sustained.  *See*, *Crowe v. Smith*, 848 F.Supp. 1258 (W.D. La. 1994); *Safford v. Payne-Webber, Inc.*, 730 F.Supp. 15 (E.D. La. 1990).  Ordinarily, the burden of proof is on the party pleading prescription.  *Lima v. Schmidt*, 595 So. 2d 624, 628 (La. 1992).[5]  Under Louisiana law, however, a plaintiff has the burden of proof to establish facts which would have the effect of interrupting or avoiding prescription when it appears that the claims have prescribed on the face of the complaint.  *Martens v. North*, 1998 WL 378137 (E.D. La. 1998); *Wimberly, supra*.

The ten plaintiffs at issue in the converted motion for summary judgment ended their employment with Angus more than one year before suit was filed, and thus their claims are facially prescribed.  *See*, 1st Amend. Petition, Exh. B.  To overcome prescription, plaintiffs rely on the doctrine of *contra non valentem agere nulla currit praescripto*.  Under this theory, prescription is suspended when the case falls into one of four categories.  *Wimberly, supra*.  Plaintiffs rely on *contra non valentem's* fourth category, also commonly known as the discovery

---

[5]  The prescription statute is strictly construed against prescription and in favor of the obligation sought to be extinguished.  *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994).

rule.  The discovery rule provides that "prescription commences on the date the injured party

discovers or should have discovered the facts upon which his cause of action is based."

*Wimberly*, 635 So.2d at 211.  In other words, "[p]rescription commences when a plaintiff obtains

actual or constructive knowledge of facts indicating to a reasonable person that he or she is the

victim of a tort."  *Campo v. Correa*,  828 So.2d 502, 510 (La. 2002) (citation omitted).  The

prescriptive period will begin to run even if the injured party does not possess actual knowledge

sufficient to initiate suit, as long as there is constructive knowledge.  *Id*.

      Constructive knowledge is such notice that excites attention and places the injured party

on guard and calls for further inquiry.  *Id*.  "Such notice is tantamount to knowledge or notice of

everything to which a reasonable inquiry may lead."  *Id*.  The discovery rule "will not exempt the

plaintiff's claim from the running of prescription if his ignorance is attributable to his own

wilfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable

diligence have learned."  *Renfroe v. State ex rel. Dept. of Transp. and Development,*  809 So.2d

947, 954 (La. 2002) (quoting *Corsey v. State of Louisiana, Through the Department of*

*Corrections*, 375 So.2d 1319, 1322 (La.1979)).  The ultimate issue is the reasonableness of the

plaintiffs' response.  *See, Campo, supra*.

1) <u>Converted Motion for Summary Judgment</u>

      In response to Angus's converted motion for summary judgment, plaintiffs bear the

burden of establishing that their facially prescribed claims are not in fact time-barred.  However,

plaintiffs have not come forward with any competent summary judgment evidence to suggest that

they were not aware of their hearing loss until within one year of filing suit.[6]  Rather, plaintiffs

---

     [6]  Indeed, in their memorandum, plaintiffs acknowledged that they were aware of their
hearing loss.  (*See*, Pl. Opp. Memo., pgs. 6-7).

have adduced evidence that they were unaware that their hearing loss was *caused* by occupational noise until August 20, 2004.  (Pl. Opp. Memo., Exh. A).[7]  For purposes of this motion, the court must accept plaintiffs' averments that until August 2004, they were personally unaware that their hearing loss was caused by occupational noise.  (Pl. Opp. Memo., Exh. A).  However, prescription begins to run not only when plaintiffs have actual knowledge of their cause of action, but also when they possess constructive knowledge, that is, such notice that excites attention, places the injured party on guard, and calls for further inquiry.  *Campo, supra*.

The plaintiffs at issue ended their employment relationship with Angus between three and twenty-seven years before they filed suit.  (1st Amend. Pet., Exh. B).  In response to defendant's motion, plaintiffs have proffered no explanation for their failure to ascertain the cause of their known hearing loss in the years following the end of their employment with Angus.  While plaintiffs may personally profess ignorance of the potential link between their hearing loss and occupational noise exposure, a reasonable person in plaintiffs' situation would have been compelled to make further inquiry regarding a potential nexus between their hearing loss and their exposure to high levels of occupational noise.  *See generally, Campo, supra*.[8]  The exercise of reasonable diligence at that point in time (prior to August 2004) would have confirmed the potential link between plaintiffs' hearing loss and exposure to occupational noise.[9]

---

[7]  George Miller did not submit an affidavit because he is deceased.  (Pl. Opp. Memo., pg. 5, n 10).

[8]  Plaintiffs allege that they were exposed to unreasonably loud "occupational hazardous noise levels."  (1st Amend. Pet., ¶ 3).

[9]  Citing *Smith v. States Marine International, Inc.*, plaintiffs argue that it was reasonable for them not to have deduced the cause of their hearing loss.  *Smith v. States Marine International, Inc.*, 864 F.2d 410 (5th Cir. 1989).  *Smith*, however, was decided under the Jones Act and general maritime law, and there was evidence adduced in *that case* that in the 1980's, hearing loss victims ordinarily did not attribute their loss of hearing to noise exposure.  *Id*.

In sum, plaintiffs possessed constructive notice of their cause of action more than one year before they initiated suit.  Accordingly, the discovery rule is inapplicable, and, as to the ten plaintiffs at issue, the instant suit was untimely filed and their claims are time-barred.  La. Civ. Code Art. 3492.

2) <u>Motion for Summary Judgment</u>

Angus's motion for summary judgment addresses the claims of the two plaintiffs whose employment with Angus extended to within one year of the commencement of this suit.  Because these claims are not patently untimely, Angus retains the burden of proof.  When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[10] all of the essential elements of the . . . defense to warrant judgment in [its] favor."  *Martin v. Alamo Community College Dist.*,  353 F.3d 409, 412 (5th Cir. 2003) (citations omitted).

Angus adduced uncontroverted evidence that plaintiffs, Roy E. Jones and Robert W. Rainer, each underwent at least one audiogram more than one year before they filed suit.  (Angus Exhs. 1 & 2).  Between November 10 and 12, 1992, Rainer and Jones were notified that they had hearing problems, and were cautioned that "[t]o eliminate noise as a possible contributing factor, it is very important that you use your hearing protectors when exposed to loud noise either on or off the job."  *Id*.  In other words by 1992, Rainer and Jones were aware that they had suffered hearing loss, and that loud on-the-job noise was a possible contributing factor.  *Id*.

Despite plaintiffs' professed ignorance of the link between their hearing loss and their exposure to excessive occupational noise,[11] a reasonable person having received the notice and

---

[10]  In other words, beyond doubt.

[11]   *See*, Affidavit of Roy E. Jones; Pl. Exh. A.  Robert Rainer's affidavit was to be submitted at an unknown later date.  *See*, Pl. Opp. Memo., pg. 8, n 21.

7

cautions received by Jones and Rainer, would have been compelled to make further inquiry at an earlier juncture to confirm the potential nexus between their hearing loss and exposure to occupational noise.  Accordingly, the discovery rule does not suspend these plaintiffs' otherwise prescribed claims.

Nonetheless, plaintiffs alternatively contend in their petition that as to Rainer and Jones, the petition was timely filed pursuant to the continuing tort doctrine.  (1st Amend. Pet., ¶¶ 9a & 9b).[12]  Succinctly stated, the continuing tort doctrine provides that "[w]hen the tortious conduct and resulting damages continue, prescription does not begin until the conduct causing the damage is abated." *South Central Bell Telephone Co. v. Texaco, Inc.*,  418 So.2d 531, 533 (La. 1982).

In *Coulon v. Witco Corp.*, the plaintiff allegedly suffered permanent neurological injuries due to his exposure to significant amounts of neurotoxins and carcinogens while working. *Coulon supra*.  Despite evidence of plaintiff's awareness of his damages and the causal link to his work site exposure more than one year before he filed suit, the court of appeals affirmed the trial court's determination that the prescriptive period did not begin to run until the alleged cause of damages abated, *i.e.* until plaintiff's last day of employment.  *Id*.  The same reasoning applies in the case *sub judice*.

When, as here, plaintiffs' petition alleges a continuous course of conduct that extends to less than one year before suit was filed, plaintiffs' action is not facially prescribed, and the burden of proof remains with the defendant to establish prescription.  *Bustamento v. Tucker*,  607 So.2d 532, 542 (La. 1992) (citations omitted).  Angus has not established beyond peradventure

---

[12]    The theory of *contra non valentem* and the discovery rule are distinct from the continuing tort doctrine.  *Coulon v. Witco Corp.*, 848 So.2d 135, 137-138 (La. App. 5th Cir. 2003).

that Jones and Rainer did not continue to be exposed to unreasonably high noise levels with resulting damages less than one year before the instant suit was filed.  The continuing tort doctrine precludes a determination that their claims are time-barred.

For the above reasons,

IT IS RECOMMENDED that Angus Chemical Company's converted motion for summary judgment (f/k/a 12(b)(6) Motion to Dismiss ) [doc. # 87] be **GRANTED** and that the claims of plaintiffs Freddie E. Bynum, Henry E. Bynum, I. L. Davis, Sr., C. W. Henderson, John E. Maxey, George N. Miller, Jr., Charles E. Pace, Otha Smith, David L. Spence, and Charles Wilhite's claims against Angus Chemical Company be **DISMISSED, with prejudice**.

IT IS FURTHER RECOMMENDED that Angus Chemical Company's motion for summary judgment as to the claims of Roy E. Jones and Robert Rainer [doc. # 88] be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 18th day of July, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE