

RECEIVED
IN MONROE, LA
OCT 2 4 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MORRIS P. ALBRITTON, ET AL. | CIVIL ACTION NO. 06-0774 |
| VERSUS | JUDGE ROBERT G. JAMES |
| INTERNATIONAL MINERALS & CHEMICAL CORPORATION, ET AL. | MAG. JUDGE KAREN L. HAYES |

# RULING

Pending before the Court is a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 83], Supplemental Motion to Dismiss under Federal Rule of Civil Procedure 56[1] [Doc. No. 103], and a Motion for Summary Judgment [Doc. No. 89] filed by Defendant Koch Nitrogen Company ("Koch"). In her July 18, 2007 Report and Recommendation [Doc. No. 120], Magistrate Judge Karen L. Hayes recommended that the Court grant Koch's converted Motion to Dismiss and Supplemental Motion to Dismiss (collectively "converted Motion to Dismiss"), but deny Koch's Motion for Summary Judgment.

On August 1, 2007, Plaintiffs filed Written Objections to Magistrate Judge's Report and Recommendation [Doc. No. 122]. Plaintiffs object to Magistrate Judge Hayes's recommendation that the Court grant Koch's converted Motion to Dismiss and dismiss the claims of Plaintiffs Eddie L. Beaver, Virgell Birden, Jr., James A. Brown, William C. Gibson, Mickey D. Haye, Bobby R. Lowery, Reginald S. Mike, Jackie D. Norton, Raymond Parks, Jerry Smith, and David Sutton. Plaintiffs contend that there is a genuine issue of material fact for trial as to whether they timely filed their lawsuit under the doctrine of contra non valentum. Plaintiffs do not object to Magistrate

---

[1] Prior to Koch's filing of its Supplemental Motion to Dismiss, Magistrate Judge Hayes had converted its Motion to Dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(b)(6). See [Doc. No. 99].

Judge Hayes's recommendation to deny Koch's Motion for Summary Judgment.

On August 6, 2007, Koch filed Objections to the Court's Proposed Findings, Conclusions, and Recommendations [Doc. No. 125]. Koch objects to Magistrate Judge Hayes's recommendation to deny its Motion for Summary Judgment and contends that Plaintiffs Jessie D. Evans, Roger Eubanks, Earl Shirey, Kenneth W. Franklin, and Verdie L. Potter have presented no evidence to support a finding that there is a genuine issue of material fact for trial under the continuing tort doctrine. Koch does not object to Magistrate Judge Hayes's recommendation to grant the converted Motion to Dismiss.

Having reviewed the Report and Recommendation, the memoranda of counsel, and the record, the Court finds that Magistrate Judge Hayes properly applied the law and ADOPTS her Report and Recommendation recommending that Koch's converted Motion to Dismiss [Doc. Nos. 83 & 103] should be GRANTED, and the claims of Plaintiffs Eddie L. Beaver, Virgell Birden, Jr., James A. Brown, William C. Gibson, Mickey D. Haye, Bobby R. Lowery, Reginald S. Mike, Jackie D. Norton, Raymond Parks, Jerry Smith, and David Sutton are DISMISSED WITH PREJUDICE as prescribed.

Further, the Court ADOPTS Magistrate Judge Hayes's recommendation to deny Koch's Motion for Summary Judgment. As stated in the Report and Recommendation, Koch presented uncontroverted evidence that Plaintiffs Jessie D. Evans, Roger Eubanks, and Earl Shirey suffered hearing loss, were aware of the hearing loss, and should have been aware of the causal link between the hearing loss and their exposure to occupational noise more than one year prior to filing suit.[2] Therefore, Magistrate Judge Hayes found, and the Court agrees, that these Plaintiffs could

---

[2] Koch's argument is misleading as to Plaintiffs Kenneth W. Franklin and Verdie L. Potter. Koch states that Magistrate Judge Hayes found that "the doctrine of contra non valentum did not interrupt prescription as to any of the Plaintiffs' claims," but that the continuing tort doctrine did interrupt prescription. [Doc. No. 125, p. 2]. While technically correct, Magistrate

2

not rely on the doctrine of contra non valentum to render their lawsuits timely.

However, Magistrate Judge Hayes recommended that the Court deny summary judgment because there was a genuine issue of material fact as to whether Plaintiffs' claims are timely under the continuing tort doctrine. Plaintiffs raised the continuing tort doctrine in their Petition, but did not argue it in the memorandum. Koch now objects that it presented sufficient evidence to show that its alleged tortious conduct had "abated," and, therefore, Plaintiffs had the burden of production to show that they continued to suffer under Koch's tortious conduct within one year prior to trial.

The Court disagrees. Koch's evidence showed that Plaintiffs were aware or should have been aware of their cause of action more than one year prior to suit, but it did not show "beyond peradventure" that its conduct had abated within one year prior to suit. Coulon v. Witco Corp., 03-208 (La. App. 5 Cir. 05/28/03); 848 So.2d 135,138 ("We agree with the trial court and find that the theories of contra non, or the discover[y] rule, and continuing tort are distinct and separate."). Accordingly, the burden of production did not shift to Plaintiffs, and Magistrate Judge Hayes properly recommended denial of Koch's Motion for Summary Judgment.

MONROE, LOUISIANA, this 24 day of October ,2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

Judge Hayes found, in fact, that the "most recent test results submitted by Koch (October 8, 2002), indicated that Potter['s] and Franklin's hearing was normal. . . . There is no evidence that Potter and Franklin were aware of their alleged hearing loss more than one year prior to filing suit. Accordingly, Koch has not established beyond peradventure that Potter'[s] and Franklin's claims were untimely filed." [Doc. No. 120, p. 9]. Thus, Magistrate Judge Hayes found that Koch was not entitled to summary judgment because there was no evidence that Potter and Franklin knew of their hearing loss more than one year before filing suit. Under her analysis, which the Court ADOPTS, Potter and Franklin would survive summary judgment, whether or not the continuing tort doctrine is applied.