RECEIVED
IN MONROE, LA

OCT 25 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MORRIS P. ALBRITTON, ET AL. | CIVIL ACTION NO. 06-0774 |
| VERSUS | JUDGE ROBERT G. JAMES |
| INTERNATIONAL MINERALS & CHEMICAL CORPORATION, ET AL. | MAG. JUDGE KAREN L. HAYES |

# AMENDED RULING

Pending before the Court is a 12(b)(6) Motion to Dismiss [Doc. No. 87][1] and a Motion for Summary Judgment [Doc. No. 88] filed by Defendant Angus Chemical Company ("Angus"). In her July 18, 2007 Report and Recommendation [Doc. No. 121], Magistrate Judge Karen L. Hayes recommended that the Court grant Angus's converted Motion to Dismiss, but deny Angus's Motion for Summary Judgment.

On August 1, 2007, Plaintiffs filed Written Objections to Magistrate Judge's Report and Recommendation [Doc. No. 124]. Plaintiffs object to Magistrate Judge Hayes's recommendation that the Court grant Angus's converted Motion to Dismiss and dismiss the claims of Plaintiffs Freddie Bynum, Henry E. Bynum, I.L. Davis, Sr., C.W. Henderson, John E. Maxey, George N. Miller, Jr., Charles E. Pace, Otha Smith, David L. Spence, and Charles Wilhite. Plaintiffs contend that there is a genuine issue of material fact for trial as to whether they timely filed their lawsuit under the doctrine of contra non valentum. Plaintiffs do not object to Magistrate Judge Hayes's recommendation to deny Angus's Motion for Summary Judgment.

Also on August 1, 2007, Angus filed Objections to Report of the Magistrate Judge Issued on July 18, 2007 [Doc. No. 123]. Angus objects to Magistrate Judge Hayes's recommendation to

---

[1] Magistrate Judge Hayes converted Angus's Motion to Dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(b)(6). See [Doc. No. 113].

deny its Motion for Summary Judgment and contends that Plaintiffs Roy E. Jones and Robert Rainer have presented no evidence to support a finding that there is a genuine issue of material fact for trial under the continuing tort doctrine. Angus does not object to Magistrate Judge Hayes's recommendation to grant the converted Motion to Dismiss.

Having reviewed the Report and Recommendation, the memoranda of counsel, and the record, the Court finds that Magistrate Judge Hayes properly applied the law and ADOPTS her Report and Recommendation recommending that Angus's converted Motion to Dismiss [Doc. No. 87] should be GRANTED, and the claims of Plaintiffs Freddie Bynum, Henry E. Bynum, I.L. Davis, Sr., C.W. Henderson, John E. Maxey, George N. Miller, Jr., Charles E. Pace, Otha Smith, David L. Spence, and Charles Wilhite are DISMISSED WITH PREJUDICE as prescribed.

Further, the Court ADOPTS Magistrate Judge Hayes's recommendation to deny Angus's Motion for Summary Judgment. As stated in the Report and Recommendation, Angus presented uncontroverted evidence that Plaintiffs Roy E. Jones and Robert Rainer suffered hearing loss, were aware of the hearing loss, and should have been aware of the causal link between the hearing loss and their exposure to occupational noise more than one year prior to filing suit. Therefore, Magistrate Judge Hayes found, and the Court agrees, that these Plaintiffs could not rely on the doctrine of <u>contra non valentum</u> to render their lawsuits timely.

However, Magistrate Judge Hayes recommended that the Court deny summary judgment because there was a genuine issue of material fact as to whether Plaintiffs' claims are timely under the continuing tort doctrine. Plaintiffs raised the continuing tort doctrine in their Petition, but did not argue it in the memorandum. Angus now objects that it presented sufficient evidence to show that its alleged tortious conduct had "abated," and, therefore, Plaintiffs had the burden of production to show that they continued to suffer under Angus's tortious conduct within one year prior to trial.

The Court disagrees. Angus's evidence showed that Plaintiffs were aware or should have

2

been aware of their cause of action more than one year prior to suit, but it did not show "beyond peradventure" that its conduct had abated within one year prior to suit. Coulon v. Witco Corp., 03-208 (La. App. 5 Cir. 05/28/03); 848 So.2d 135,138 ("We agree with the trial court and find that the theories of contra non, or the discover[y] rule, and continuing tort are distinct and separate."). Accordingly, the burden of production did not shift to Plaintiffs, and Magistrate Judge Hayes properly recommended denial of Angus's Motion for Summary Judgment.

MONROE, LOUISIANA, this 25 day of October ,2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE